I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 11-19-13

DEPUTY CLERK



## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BLANTON, | Case No. CV 13-8405-UA (RNB) |
| Plaintiff, | |
| vs. | ORDER TO SHOW CAUSE |
| SHERIFF LEROY D. BACA, et al., | |
| Defendants. | |

Plaintiff is a California prisoner, currently incarcerated at Salinas Valley State Prison. On November 14, 2013, he lodged for filing herein a pro se civil rights complaint. Although plaintiff did not concurrently submit a request for leave to proceed in forma pauperis, the Court presumes from the fact that he did not concurrently submit the filing fee that plaintiff in fact is seeking leave to proceed without prepayment of the filing fee.

Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the full filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." For purposes of this section, the Ninth

Circuit has held that the phrase "fails to state a claim on which relief may be granted" parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation; that the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact"; and that the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (as amended). The Ninth Circuit also has held that the prior denial of in forma pauperis status on the basis of frivolity or failure to state a claim constitutes a strike for purposes of § 1915(g). See O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

In Andrews, the Ninth Circuit held that the prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar in forma pauperis status for him. See id. Courts in this Circuit have construed Andrews as permitting a district court to raise the issue sua sponte of whether 28 U.S.C. § 1915(g) bars granting a request for leave to proceed in forma pauperis, so long as the Court notifies the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal (by citing the specific case names, numbers, districts, and dates of dismissal for each civil action it considers a "strike" or "prior occasion") and allows the prisoner an opportunity to be heard on the matter before denying the in forma pauperis request and/or dismissing the action. See, e.g., Fkadu v. San Diego City Police Dep't, 2007 WL 4259151, *2-*3 (S.D. Cal. Dec. 4, 2007); Moore v. Thacker, 2007 WL 2900512, *1 (N.D. Cal. Sept. 28, 2007); Weaver v. Inmates In Cell 218 219, 2007 WL 2462153, *1 (N.D. Cal. Aug. 29, 2007); Hines v. Barra, 2007 WL 2462113, *2 (S.D. Cal. Aug. 28, 2007); Weaver v. Mailroom Staff, 2007 WL 3028411, *1-*2 (E.D. Cal. Oct. 24, 2006); Mims v. Sanchez, 2006 WL 2458711, *1-*2 (E.D. Cal. Aug. 22, 2006), Report and Recommendation Adopted by 2006 WL 2849844 (E.D. Cal. Oct. 04, 2006).

The Court's review of plaintiff's prior prisoner actions reveals that plaintiff has had at least four cases that qualify as strikes for purposes of § 1915(g):

    1.    Blanton v. Sheriff Leroy D. Baca, et al., Central District of

California Case No. CV 97-8290-AHM (RNB), which was dismissed with prejudice on December 27, 2001 for failure to state a claim upon which relief may be granted.

    2.   <u>Blanton v. Los Angeles County Sheriff Department, et al.</u>, Central District of California Case No. CV 02-6995-UA (RNB), where plaintiff's request to proceed without prepayment of the full filing fee was denied in an order filed on October 2, 2002 <u>inter</u> <u>alia</u> on the ground that the complaint was legally and/or factually patently frivolous.

    3.   <u>Blanton v. California Mens Colony State Prison/Hospital</u>, Central District of California Case No. CV 02-8768-UA (RNB), where plaintiff's request to proceed without prepayment of the full filing fee was denied in an order filed on May 8, 2003 <u>inter</u> <u>alia</u> on the ground that the complaint was legally and/or factually patently frivolous.

    4.   <u>Blanton v. California Mens Colony State Prison, et al.</u>, Central District of California Case No. CV 03-7979-UA (RNB), where plaintiff's request to proceed without prepayment of the full filing fee was denied in an order filed on December 2, 2003 <u>inter</u> <u>alia</u> on the ground that the complaint was legally and/or factually patently frivolous.

Accordingly, plaintiff may proceed <u>in</u> <u>forma</u> <u>pauperis</u> only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. See <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1055 (9th Cir. 2007) (as amended) (holding that the § 1915(g) exception "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"). Here, plaintiff's claims arise out of an alleged excessive force incident that occurred on May 29, 2009, when plaintiff was in the custody of the Los Angeles County Sheriff's Department. Plaintiff is not alleging that he was facing

imminent danger of serious physical injury at the time the complaint was lodged for filing herein.

IT THEREFORE IS ORDERED that, on or before **December 20, 2013**, plaintiff show cause in writing, if any he has, why leave to proceed in forma pauperis should not be denied and why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). Plaintiff is forewarned that his failure to file a timely response to this Order to Show Cause will be deemed by the Court as consent to the denial of leave to proceed in forma pauperis and to the dismissal of this action pursuant to 28 U.S.C. § 1915(g).

DATED: November 18, 2013

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE